IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**UNITED STATES OF AMERICA**                                                     **PLAINTIFF**

v.                                           **CIVIL ACTION # 2:07cv292-KS-MTP**

**KHOSROW PALHANG,**
**CYNTHIA PALHANG,**
**REGIONS MORTGAGE, and**
**OPTION ONE MORTGAGE CORPORATION**                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion for summary judgment [Doc. #26] (August 21, 2008) filed by Plaintiff United States of America. The United States brought this action to reduce tax assessments to judgment and to foreclose tax liens based on the unpaid federal income tax liabilities of Defendants Khosrow Palhang and Cynthia Palhang. After due consideration of the instant motion, supporting evidence, and the relevant law, the Court concludes that there is no genuine issue of material fact and that the United States is entitled to judgment as a matter of law. Consequently, the motion for summary judgment should be **granted**.

## I. FACTUAL BACKGROUND

Khosrow Palhang is indebted to the United States for income tax liabilities for the years 1992, 1995, 1996, 1997, 1998, and 1999. The debt to the United States on account of these liabilities totals $186,334.75. Pl.'s Ex. A at ¶ 8 [Doc. #26-2] (August 21, 2008). A delegate of the Secretary of the Treasury made timely assessments against Khosrow Palhang for the debt. *Id.* at ¶ 3. Notices of the assessments and demands for payment were made on Khosrow

Palhang.  *Id.* at ¶ 4.

In addition, Khosrow Palhang and Cynthia Palhang are indebted to the United States for income tax liabilities for the years 2000 and 2001.  The debt to the United States on account of these liabilities totals $35,142.96.  *Id.* at ¶ 9.  A delegate of the Secretary of the Treasury made timely assessments against Khosrow and Cynthia Palhang for the debt.  *Id.* at ¶ 5.  Notices of the assessments and demands for payment were made on Khosrow and Cynthia Palhang.  *Id.* at ¶ 6.

Khosrow Palhang holds title to real property located at 112 Kensington Drive, Hattiesburg, Mississippi 39402.  *See* Pl.'s Ex. C [Doc. #26-4] (August 21, 2008); Pl.'s Br. at 4 [Doc. #26] (August 21, 2008).  The United States has recorded notices of federal tax lien for the aforementioned debts against all property and rights to property belonging to Khosrow and Cynthia Palhang.  Pl.'s Ex. D [Doc. #26-5] (August 21, 2008).  Defendants Regions Mortgage and Option One Mortgage Corporation each hold a mortgage against this real property. [Doc. #10-2] (February 15, 2008); [Doc. #13-2] (March 14, 2008).  The government concedes that the mortgages are superior in right to its federal tax liens.  Pl.'s Br. at 5.

On October 31, 2007, the government filed suit to reduce the unpaid assessments to judgment and to foreclose tax liens against the residence of Khosrow Palhang.  The government filed the instant motion on August 21, 2008.  The Defendants filed a response on September 11, 2008.  Since then, the Defendants have filed six additional motions: (i) A motion for a data integrity hearing [Doc. #34]; (ii) three motions for a more definite statement [Docs. #38-40]; and (iii) two motions to dismiss for lack of jurisdiction [Docs. #41, #43].

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED R. CIV. P. 56(b).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Id.*  There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  This is true "since a complete failure of proof concerning an essential element of the nonmoviing party's case necessarily renders all other facts immaterial."  *Id.* at 323.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (quoting *Anderson*, 477 U.S. at 247).  If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial.  *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994).  The nonmoving party must show more than "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd.  v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In evaluating the evidence tendered by the parties, the court must accept the evidence of

3

the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson,* 477 U.S. at 255. While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### III. APPLICATION AND ANALYSIS

#### A. The United States Is Entitled to Summary Judgment Concerning the Claim that the Defendants Are Indebted for Income Tax Liabilities

An assessment of federal tax made by the Commissioner of the Internal Revenue Service is entitled to "a presumption of correctness." *Welch v. Helvering*, 290 U.S. 111, 115 (1933). The Defendants bear the burden of proving by a preponderance of the evidence that the assessments are wrong. *Id.*; *Portillo v. Comm'r*, 932 F.2d 1128, 1133 (5th Cir. 1991). To meet this burden, a taxpayer must prove that the method of computing the tax, and therefore the assessment, is arbitrary and without foundation. *Olster v. Comm'r*, 751 F.2d 1168, 1174 (11th Cir. 1985) (citing *Mersel v. United States*, 420 F.2d 517, 520 (5th Cir. 1969)).

Here, the Defendants have submitted no competent evidence in their attempt to meet their burden. Instead, Khosrow and Cynthia Palhang have advanced a combination of legalistic gibberish and "shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts."[1] *See Stearman v. Comm'r*, 436 F.3d 533, 537 (5th

---

[1] The body of Khosrow Palhang's response to the instant motion contains one sentence of text: "All tax (1992, 1995, 1996, 1997, 1998, 1999, 2000, 2001) has been paid to the United States of America." Def.'s Resp. [Doc. #30] (September 11, 2008). Attached as an exhibit, is a document entitled "Commercial Notice Appointment of Fiduciary Debtor." [Doc. #30-2] (September 11, 2008). The document contains nonsensical language including, "I, Khosrow Palhang©, "Third Party Interest Intervenor," hereby nominate and do appoint Jesse Ward

Cir. 2006), *cert. denied*, 547 U.S. 1207 (2006).  The Court is keenly aware of the fact that Khosrow and Cynthia Palhang have proceeded *pro se* in this action.  Nonetheless, even the most favorable reading of their filing reveals no colorable arguments.  The Defendants, moreover, have pointed to no record evidence which would indicate that the amounts set forth above are not an accurate representation of the amount of their tax liabilities for the subject years.  Instead, the Defendants rely on unsubstantiated, conclusory assertions that they are not thusly indebted.[2]  As the Defendants cannot meet their burden in this manner, the Court concludes that Khosrow Palhang is indebted to the United States for income tax liabilities totaling $186,334.75 and that Khosrow Palhang and Cynthia Palhang are indebted to the United States for income tax liabilities totaling $35,142.96

### B. Defendant Khosrow Palhang's Residence Should Be Sold in Partial Satisfaction of His Income Tax Debts

Pursuant to 26 U.S.C. § 6321, a lien is imposed in favor of the United States on all property and rights to property, real or personal, of a person when a demand for the payment of the person's liability for taxes has been made and the person fails to pay those taxes.  Such a lien arises on the date that the government makes an assessment and remains in force until the debt is satisfied or becomes unenforceable due to lapse of time.  26 U.S.C. § 6322.  Section 7403 of the Internal Revenue Code permits the United States to foreclose its tax liens by seeking the sale of property to which its liens have attached.  This Court has the authority to order a foreclosure once notice has been provided to all parties.  *See* 26 U.S.C. § 7403(c) ("The court shall, after the

---

Conville, a/! k/a Jesse Ward Conville, US ATTORNEY as being qualified to fulfill the position of "Fiduciary Creditor" for the corporate entity described . . . ." *Id.* at 1-2.

[2] *Ante*, at 4 n.1.

parties have been duly notified . . . adjudicate all matters . . . and finally determine the merits of all claims to and liens upon the property, and . . . may decree a sale of such property . . . and a distribution of the proceeds . . . ."). Having reviewed the record evidence and having found no basis to doubt the veracity of the government's evidence, the Court concludes that all parties have received the requisite notice, [Docs. #6, #21], and that the real property in question should be sold in accordance with law, with the proceeds of the sale to be disbursed according to the terms of the Stipulation Setting Priorities of United States of America, Regions Mortgage, and Option One Mortgage Corporation. [Doc. #25] (August 8, 2008).

### C.     All Additional Pending Motions Should Be Denied

All of the motions filed by Khosrow and Cynthia Palhang – like the response to the instant motion – may be accurately characterized as "unsupported assertions, irrelevant platitudes, and legalistic gibberish."[3] *See Crain v. Comm'r*, 737 F.2d 1417, 1418 (5th Cir. 1984). Given the indisputable baselessness of these filings – the Court would be hard-pressed even to discern the gist of the arguments, if any, contained therein – this Court will not be put "to the trouble of 'adjudicating'" the Defendants' meritless motions. *See id.* ("we are not obliged to suffer in silence the filing of baseless, insupportable appeals presenting no colorable claims of error and designed only to delay, obstruct, or incapacitate the operations of the courts or any other governmental authority. . . . The government should not have been put to the trouble of

---

[3] For example, in his motion to dismiss, Khosrow Palhang argues that "This Court defined under FRCP Rule 4(j) as a FOREIGN STATE as defined under 28 USC 1602 - 1611 FOREIGN SOVEREIGN IMMUNITY ACT (FSIA) is being jurisdictionally challenge [sic] and full disclosure of the true jurisdiction of this Court is now being demanded. . . . MUNICIPAL, COUNTY, OR STATE COURTS, and even this Federal District Court lack jurisdiction to hear any case under the definition of FOREIGN STATE and under all related definitions below." [Doc. #41] (October 9, 2008).

responding to such spurious arguments, nor this court to the trouble of 'adjudicating' this meritless appeal."); *see also United States v. Fuselier*, No. 6:08-mj-6001, 2008 U.S. Dist. LEXIS 9548, at *4 (W.D.La. Feb. 7, 2008) (following *Crain* and refusing to expend "somber reasoning and copious citation of precedent" in light of the arguments' total lack of "colorable merit" (quoting *Crain*, 737 F.2d at 1417)).

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that there is no genuine issue of material fact and that the Plaintiff is entitled to judgment as a matter of law. Accordingly, the Court holds that the Plaintiff's motion for summary judgment should be granted and that the federal tax liens should be foreclosed upon Khosrow Palhang's residence identified above and that the property should be sold in the manner described above.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Plaintiff's motion for summary judgment [Doc. #26] is **granted**. All other pending motions are **denied**, both for the reasons listed above and because they are mooted by this Opinion and the corresponding Judgment to be filed separately.

SO ORDERED AND ADJUDGED on this, the 15th day of October, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE