**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                    CIVIL ACTION # 2:07cv292-KS-MTP

KHOSROW PALHANG,
CYNTHIA PALHANG,
REGIONS MORTGAGE, and
OPTION ONE MORTGAGE CORPORATION                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion to vacate [Doc. #49] (October 29, 2008) filed by Defendants Khosrow Rowe Palhang and Cynthia Palhang. The Defendants ask the Court to vacate its Order filed October 15, 2008, in which the Court granted the Plaintiff's motion for summary judgment. [Doc. #45]. The Defendants have also filed a motion requesting a hearing on their motion to vacate. [Doc. #52]. For reasons to follow, the Court finds that the motion to vacate is without merit and both motions should therefore be **denied**.


## I. FACTUAL BACKGROUND

United States, the Plaintiff in this case, brought this action to reduce tax assessments to judgment and to foreclose tax liens based on the unpaid federal income tax liabilities of the Defendants. *See* [Doc. #1] (October 31, 2007). The United States filed a motion for summary judgment on August 21, 2008. [Doc. #28]. This Court concluded that there was no genuine issue of material fact and that the United States was entitled to judgment as a matter of law. [Doc. #45]. Accordingly, the Court granted the motion for summary judgment. *Id.*

The Defendants have now filed a motion to vacate under Federal Rule of Civil Procedure 12(h)(3) and 23 U.S.C.S. § 1447(c).  Because the motion is filed by a pro se litigant, the Court will interpret it broadly as both a motion to dismiss for lack of subject matter jurisdiction and a motion to reconsider its Order granting summary judgment.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(h)(3)[1] allows a court to dismiss an action if "the court determines at any time that it lacks subject-matter jurisdiction."  It is well settled that "federal courts must be assured of their subject matter jurisdiction at all times and may question it sua sponte at any stage of judicial proceedings."  *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999).

The Fifth Circuit has stated that a motion challenging a court's prior judgment on the merits, will be treated as either a motion "to alter or amend" under rule 59(e) or a motion for "relief from judgment" under Rule 60(b), Federal Rules of Civil Procedure.  The proper denomination of the motion is determined by the time within which the motion is served.  If the motion is served within ten days of the rendition of judgment, it falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).  *See Ford v. Elsbury*, 32 F.3d 931, 937, n.7 (5th Cir. 1994).  Because the Defendants' motion was filed on October 29, 2009, less than ten days after the final judgment, it will be is treated as a Rule 59(e) motion to alter or amend.  *See generally* FED. R. CIV. P. 59(e).

"A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either

---

[1] The Defendants also cite 28 U.S.C.S. § 1447(c) in support of their motion to vacate.  As that statute pertains to motions to remand filed post-removal, it has no bearing in this case.

a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used

to raise arguments which could, and should, have been made before the judgment issued.'"

*Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (*quoting Simon v. United*

*States*, 891 F.2d 1154, 1159 (5th Cir.1990)).  Relief under Rule 59(e) is also appropriate when

there has been an intervening change in the controlling law.  *In re Benjamin Moore & Co.*, 318

F.3d 626, 629 (5th Cir. 2002).


### III.  APPLICATION AND ANALYSIS

**A.**    **Subject Matter Jurisdiction**

"Except as otherwise provided by Act of Congress, the district courts shall have original

jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any

agency or officer thereof expressly authorized to sue by Act of Congress."  28 U.S.C.S. § 1345.

"The district courts shall have original jurisdiction of any civil action arising under any Act of

Congress providing for internal revenue, or revenue from imports or tonnage except matters

within the jurisdiction of the Court of International Trade."  28 U.S.C.S. § 1340.  The case at bar

is a suit brought by the United States and arising under the Internal Revenue Code.  *See* [Doc.

#1].  As a result, the Court concludes that it has subject matter jurisdiction over the case and the

Defendants' motion to vacate under Rule 12(h)(3) should be denied.

**B.**    **Motion to Reconsider**

The only argument Defendants make in the instant motion which – if meritorious – could

satisfy the Rule 59 standard is their argument that the Court has made a manifest error of fact by

finding that the Defendants are indebted for unpaid tax debt to the United States.  Defendants

contend that the United States has "failed or declined to bring forward" the assessments of federal tax.  Def.'s Br. at 4.  As this Court's decision to grant the Plaintiff's motion for summary judgment was predicated on the finding that the United States did produce the assessments, this error of fact would be dispositive.  The Defendants' allegation, however, is patently false.  The United States attached the assessments as "Exhibit A" to its motion for summary judgment.  *See* [Doc. #26-2] (August 21, 2008).  To the extent that the Defendants argue the assessments are incorrect, the argument is rejected for lack of evidentiary support.  *See Welch v. Helvering*, 290 U.S. 111, 115 (1933) (an assessment of federal tax made by the Commissioner of the Internal Revenue Service is entitled to "a presumption of correctness" and the Defendants bear the burden of proving that the assessments are wrong).  The Defendants raise no other arguments that could not, and should not, have been made before the Court's judgment issued.  As a result, the Defendants' motion to reconsider is meritless and should be denied.

## IV. CONCLUSION

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendants' motion to vacate [Doc. #49] should be **denied** and the Defendants' motion for hearing [Doc. 52] should be **denied**.  All other pending motions are **denied** as repetitive.

IT IS FURTHER ORDERED AND ADJUDGED that, in light of the numerous repetitive and meritless motions filed by the Defendants, the Clerk of Court should be directed to refrain from allowing any further motions of the Defendants to be filed absent express prior permission of the Court.

SO ORDERED AND ADJUDGED on this, the 6th day of November, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE