IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 2:07-CV-292-KS-MTP**

**KHOSROW PALHANG, et al.**                                                            **DEFENDANTS**

## ORDER

The United States filed this action to reduce Khosrow and Cynthia Palhang's federal income tax liabilities to a judgment and foreclose on its tax liens on their residence. On October 15, 2008, the Court entered a Memorandum Opinion and Order [45], holding that the United States was entitled to summary judgment. The Court held that the Palhangs were indebted to the United States for income tax liabilities. The Court further held that their residence should be sold, with the proceeds of the sale to be disbursed according to the terms of the parties' stipulation regarding the priority of creditors. Therefore, on October 23, 2008, the Court entered an Order of Sale [48], authorizing the Internal Revenue Service ("IRS") to offer the property for sale at public auction. The Court further ordered that any rights, title, liens, claims or interests in the property of the United States or the other Defendants were discharged upon sale of the property.

On March 10, 2011, the United States filed its Motion for Relief [58] from the Court's Order of Sale and to dismiss Count III of the Complaint. The United States represents that it entered into a settlement agreement with the Palhangs in which they paid the United

States the amount of money which the United States could expect to recoup in a foreclosure sale, and, in exchange, the United States discharged the tax liens on the property. Despite the United States' representation that Defendant Option One Mortgage Corporation opposes the present motion, Option One failed to file a response to the motion. Accordingly, the motion is ripe for review.

Rule 60(b)(5) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." FED. R. CIV. P. 60(b)(5). The purpose of the Court's Order of Sale was to satisfy the tax liens. If the United States has discharged the liens, there remains no reason to force the Palhangs to sell the house. Furthermore, if the Palhangs have satisfied the tax liability at issue, then it would be inequitable to force them to sell their residence to discharge that debt. *See AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 579 F.3d 1268 (11th Cir. 2009). Accordingly, the Court **grants** the United States' Motion for Relief [58] from the Order of Sale, and to Dismiss Count III of its Complaint.

SO ORDERED AND ADJUDGED this 12th day of April, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE